# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|                              |     |                      |
|------------------------------|-----|----------------------|
| KAVIN M. CARTER,             | )   |                      |
|                              | )   |                      |
|     Plaintiff, | ) |                |
|                              | )   |                      |
| VS.                          | )   | No. 13-2230-JDT-cgc  |
|                              | )   |                      |
| JIM NEELY, ET AL.,           | )   |                      |
|                              | )   |                      |
|     Defendants. | ) |                 |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### ORDER OF DISMISSAL
### ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
### AND
### ORDER DENYING LEAVE TO APEAL *IN FORMA PAUPERIS*

Plaintiff Kavin M. Carter, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on April 12, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.)[1] Magistrate Judge Charmiane G. Claxton subsequently granted leave to proceed *in forma pauperis*. (D.E. 3.) On August 29, 2013, Magistrate Judge Claxton issued a Report and Recommendation in which she recommended that the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 4.) Objections to that Report and Recommendation were due within 14 days. See Fed. R. Civ. P. 72(b)(2). However, Plaintiff has filed no objections.

The Magistrate Judge has recommended dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), prior to service on the Defendants. Specifically, the Magistrate Judge determined that the complaint,

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

which consists only of three brief sentences,[2] does not comply with Federal Rule of Civil Procedure 8(a)(1) and fails to state a claim under 42 U.S.C. § 1983.  Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's conclusions.  There are no allegations in the complaint describing how the Defendants acted under color of state law or the specific actions they took to deprive Plaintiff of his rights.  Plaintiff does not state which of his constitutional or statutory rights Defendants allegedly infringed.  In addition, there are no allegations whatsoever concerning Defendants Jim Neely and Interstate Barbecue and no factual allegations to support a claim for civil conspiracy.

The Report and Recommendation of the Magistrate Judge is ADOPTED, and this case is hereby DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

---

[2] Plaintiff alleges that "Marzie Thomas & Dilworth Weathers had me arrested and charges brought against me when there wasn't a crime.  They had no [knowledge] of my conversation with Cong. Cohen.  They conspired to deny me of my [constitutional] rights."  (D.E. 1 at 3.)

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith.  Leave to proceed on appeal in forma pauperis is, therefore, DENIED.  Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court.  A motion to appeal in forma pauperis then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.

3